Lauren M. Hausman (CA Bar No. 349514)
**COPYCAT LEGAL PLLC**
113 N San Vicente Blvd
Suite 232
Beverly Hills, CA 90211
T: (877)-437-6228
E: lauren@copycatlegal.com

Attorney for Plaintiff
TOM HUSSEY PHOTOGRAPHY, LLC

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TOM HUSSEY PHOTOGRAPHY, LLC,<br><br>       Plaintiff,<br><br>v.<br><br>NOVELLUS LIVING, LLC f/k/a CAMLU ASSISTED LIVING COMMUNITY and CIMINOCARE<br><br>       Defendants. | Civil Action No. _____<br><br>**COMPLAINT** |

Plaintiff Tom Hussey Photography, LLC ("Plaintiff") sues defendants Novellus Living, LLC f/k/a Camlu Assisted Living Community ("Novellus Living") and CiminoCare ("CiminoCare") (collectively the "Defendants"), and alleges as follows:

## THE PARTIES

1. Plaintiff is a limited liability company organized and existing under the laws of the State of Texas with its principal place of business in Dallas, Texas.

2. Novellus Living is a limited liability company organized and existing under the laws of the State of Delaware with its principal place of business located at 6037 N Pershing Ave., Stockton, CA 95207. Novellus Living's agent for service of process is Christopher Coulter, 3001 Lava Ridge Court, Suite 340, Roseville, CA 95661.

3. CiminoCare is a corporation organized and existing under the laws of the State of California with its principal place of business located at 7920 Alta Sunrise Drive, Suite 250, Citrus Heights, CA 95610. CiminoCare's agent for service of process is Jon J. Daggett, 1980 Orange Tree Lane, Suite 102, Redlands, CA 92374.

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

5. This Court has personal jurisdiction over Defendants because they have maintained sufficient minimum contacts with this State such that the exercise of personal jurisdiction over them would not offend traditional notions of fair play and substantial justice.

6. Venue properly lies in this district pursuant to 28 U.S.C. § 1400(a) because Defendants or their agents reside or may be found in this district. "The Ninth Circuit has interpreted Section 1400(a) to mean that venue is proper in any judicial district in which the defendant would be amenable to personal jurisdiction." Righthaven LLC v. Inform Techs., Inc., No. 2:11-CV-00053-KJD-LRL, 2011 U.S. Dist. LEXIS 119379, at *8 (D. Nev. Oct. 14, 2011) (citing Brayton Purcell LLP v. Recordon & Recordon, 606 F.3d 1124, 1128 (9th Cir. 2010)).

## FACTS

I. **Plaintiff's Business and History**

7. Plaintiff's principal/sole member (Tom Hussey) is a well-known and highly regarded photographer specializing in commercial advertising and lifestyle photography.

8. Respected industry wide for his lifestyle photography and admired for his lighting techniques, Mr. Hussey has worked on local, national, and international advertising/marketing campaigns during the course of his long career as a professional photographer.

9. Mr. Hussey has received numerous awards and accolades throughout his career, including several ADDY awards (from the American Advertising Federation), being named as one of the 'Top 10 Creatives in the World' by *Adweek Magazine*, being selected as one of the 'Top 200 Advertising

Photographers Worldwide' by Luerzer's Archive, and having his work featured in the *Communication Arts Photography Annual*.

## II.  The Work at Issue in this Lawsuit

10. From 2009 through 2012, Mr. Hussey created a series of highly conceptual photographs titled "Reflections," showing elderly people looking pensively at their younger self-reflections in a mirror.

11. The project was commissioned by Novartis in connection with a marketing campaign for the introduction of its new Alzheimer's drug called the Exelon Patch.

12. To create the 'Reflections' photographs, Mr. Hussey worked with a multitude of adult models in both the New York City area and in Paris, France on four different photo shoots from 2009 through 2012.  Those photo shoots required multiple dates on location and dozens if not hundreds of hours in post-processing.

13. The 'Reflections' series was so well-received that it won a Gold ADDY award from the American Advertising Foundation, and all of the images were utilized as part of Novartis' ad campaign.

14. Mr. Hussey published approximately sixteen (16) photographs as part of the 'Reflections' series.  One (1) of those photographs is the subject of this lawsuit.

15. Mr. Hussey created a professional photograph of an elderly man viewing his younger self as a scholar (titled "N-60-3975-2") (the "<u>Work</u>"). A copy of the Work is displayed below:



16. The Work was registered by Mr. Hussey with the Register of Copyrights on May 31, 2012 and was assigned Registration No. VAu 1-105-553. A true and correct copy of the Certificate of Registration pertaining to the Work is attached hereto as **<u>Exhibit "A."</u>**

17. In 2019, Mr. Hussey executed an Assignment and Transfer of Copyrights that transferred all of his rights, title, and interest to all of Mr. Hussey's copyrights (including but not limited to the Work) to Plaintiff.

18. As a result thereof, Plaintiff is the owner of the Work and has remained the owner at all times material hereto.

## II. Defendants' Unlawful Activities

19. Novellus Living owns and operates a senior living facility in Stockton, CA.

20. Novellus Living advertises/markets its business through its website (https://www.novellusliving.com/camlu/), social media (e.g., https://www.facebook.com/CAMLUAssistedLiving), and other forms of advertising.

21. CiminoCare owns and operates an organization that specializes in providing senior care services and housing.

22. CiminoCare advertises/markets its business through its website (https://www.ciminocare.com/), social media (e.g., https://www.facebook.com/CiminoCare/ and https://www.instagram.com/ciminocare), and other forms of advertising.

23. Upon information and belief, Defendants maintained a contractual

relationship whereby CiminoCare managed Novellus Living's social media pages (including the Facebook page that is the subject of this lawsuit) at the time the Work was displayed and/or published thereon.

24. On March 22, 2021 (after the above-referenced copyright registration of the Work), Defendants displayed and/or published the Work on Novellus Living's website, webpage, and/or social media as a means of advertising, promoting, and/or marketing their business (at https://www.facebook.com/CAMLUAssistedLiving):



(https://www.facebook.com/CAMLUAssistedLiving/photos/pb.100046776337027.-2207520000./2885133575097430/?type=3):



25. A true and correct copy of screenshots of Defendants' website, webpage, and/or social media displaying the copyrighted Work, is attached hereto as **Exhibit "B."**

26. Defendants are not and have never been licensed to use or display the Work. Defendants never contacted Plaintiff to seek permission to use the Work in connection with its website, webpage, and or social media – even though the Work that was copied is clearly professional photography that would put Defendants on notice that the Work was not intended for public use.

27. Defendants utilized the Work for commercial use.

28. Upon information and belief, Defendants located a copy of the Work on the internet and, rather than contact Plaintiff to secure a license, simply copied

the Work for their own commercial use.

29. Through its ongoing diligent efforts to identify unauthorized use of its photographs, Plaintiff discovered Defendants' unauthorized use/display of the Work in March 2023. Following Plaintiff's discovery, Plaintiff notified Defendants in writing of such unauthorized use.

30. All conditions precedent to this action have been performed or have been waived.

## COUNT I – COPYRIGHT INFRINGEMENT

31. Plaintiff re-alleges and incorporates paragraphs 1 through 30 as set forth above.

32. Each photograph comprising the Work is an original work of authorship, embodying copyrightable subject matter, that is subject to the full protection of the United States copyright laws (17 U.S.C. § 101 *et seq.*).

33. Plaintiff owns a valid copyright in each photograph comprising the Work, having registered the Work with the Register of Copyrights and owning sufficient rights, title, and interest to such copyright to afford Plaintiff standing to bring this lawsuit and assert the claim(s) herein.

34. As a result of Plaintiff's reproduction, distribution, and public display of the Work, Defendants had access to the Work prior to their own reproduction,

distribution, and public display of the Work on their website, webpage, and/or social media.

35.    Defendants reproduced, distributed, and publicly displayed the Work without authorization from Plaintiff.

36.    By their actions, Defendants infringed and violated Plaintiff's exclusive rights in violation of the Copyright Act, 17 U.S.C. § 501. Defendants' infringement was either direct, vicarious, and/or contributory.

37.    Defendants' infringement was willful as they acted with actual knowledge or reckless disregard for whether their conduct infringed upon Plaintiff's copyright. Defendants clearly understand that professional photography such as the Work is generally paid for and cannot simply be copied from the internet. Notably, Novellus Living and CiminoCare themselves both utilize copyright disclaimers on their respective website ("Copyright ©2025 Novellus Living")[1] and ("© 2024 CiminoCare, Inc."), respectively, indicating that Novellus Living and CiminoCare understand the importance of copyright protection and intellectual property rights and that professional photography such as the Work is generally paid for and cannot simply be copied from the internet.

---

[1] Novellus Living's previous copyright disclaimer was "COPYRIGHT ©2024 NOVELLUS LIVING | FORMERLY CAMLU ASSISTED LIVING".

38. Plaintiff has been damaged as a direct and proximate result of Defendants' infringement.

39. Plaintiff is entitled to recover its actual damages resulting from Defendants' unauthorized use of the Work and, at Plaintiff's election (pursuant to 17 U.S.C. § 504(b)), Plaintiff is entitled to recover damages based on a disgorgement of Defendants' profits from infringement of the Work, which amounts shall be proven at trial.

40. Alternatively, and at Plaintiff's election, Plaintiff is entitled to statutory damages pursuant to 17 U.S.C. § 504(c), in such amount as deemed proper by the Court.

41. Pursuant to 17 U.S.C. § 505, Plaintiff is further entitled to recover his costs and attorneys' fees as a result of Defendants' conduct.

42. Defendants' conduct has caused, and any continued infringing conduct will continue to cause, irreparable injury to Plaintiff unless enjoined by the Court. Plaintiff has no adequate remedy at law. Pursuant to 17 U.S.C. § 502, Plaintiff is entitled to a permanent injunction prohibiting infringement of Plaintiff's exclusive rights under copyright law.

**WHEREFORE**, Plaintiff demands judgment against Defendants as follows:

a. A declaration that Defendants have infringed Plaintiff's copyrights in the

Work;

b. A declaration that such infringement is willful;

c. An award of actual damages and disgorgement of profits as the Court deems proper or, at Plaintiff's election, an award of statutory damages for each photograph comprising the Work;

d. Awarding Plaintiff its costs and reasonable attorneys' fees pursuant to 17 U.S.C. § 505;

e. Awarding Plaintiff interest, including prejudgment interest, on the foregoing amounts;

f. Permanently enjoining Defendants, their employees, agents, officers, directors, attorneys, successors, affiliates, subsidiaries and assigns, and all those in active concert and participation with Defendants, from directly or indirectly infringing Plaintiff's copyrights or continuing to display, transfer, advertise, reproduce, or otherwise market any works derived or copied from the Work or to participate or assist in any such activity; and

g. For such other relief as the Court deems just and proper.

Dated: June 27, 2025.                    **COPYCAT LEGAL PLLC**

                                        By: /s/ Lauren M. Hausman
                                            Lauren M. Hausman, Esq.
                                            Attorney for Plaintiff
                                            Tom Hussey Photography, LLC